IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

Shameka Banks,
Timothy Johnson, and
Carol Jones,
        Plaintiffs,

v.                                   Case No. CIV-14-100-RAW

American Baptist Churches,
Bacone College, and
Muskogee Regional Medical Center,
        Defendants.

## ORDER

Before the court are the motions to dismiss filed by American Baptist Churches[1] ("American Baptist") [Docket No. 11], Bacone College[2] ("Bacone") [Docket No. 13], and Muskogee Regional Medical Center ("MRMC") [Docket Nos. 15 and 33]. Responses to these motions were due on April 4, 2014, April 7, 2014, April 11, 2014, and June 18, 2014, respectively. On April 14, 2014, Plaintiffs filed a letter with nine attachments, including responses to the first three motions to dismiss.[3] Plaintiffs did not respond to MRMC's second motion to dismiss. For the reasons set forth below, the motions to dismiss are GRANTED.

Also before the court are four other motions by Defendants. The court addresses them here in the order in which they were filed. MRMC's motion to strike Plaintiffs' letter to the

---

[1] Plaintiffs incorrectly named "American Baptist Association."

[2] Plaintiffs incorrectly named "Bacone Christian College."

[3] The title of the response to Bacone's motion states that it is in response to the notice of removal, but is clearly in response to the motion to dismiss, requesting that "the court maintain Bacone College in lawsuit." Docket No. 22, Exh. 5.

Judge and Joint Status Report [Docket No. 27] is GRANTED in part and DENIED in part. The motion is denied as to the letter. The court construes the letter as part of the responses. The motion is granted as to the "Joint Status Report." The "Joint Status Report" filed on April 16, 2014, states that "a meeting was held on May 29, 2014 at 1:45 P.M. Plaintiffs appearing Pro Se and defendants appearing by counsel . . . ." As the meeting was scheduled in the future, it had not yet occurred at the time Plaintiffs filed the "Joint Status Report." Moreover, Defendants were not contacted about the meeting.

Bacone's motion to strike the surreply [Docket No. 34] is DENIED. Defendants' joint motion for hearing [Docket No. 37] is MOOT. Defendants' joint motion to strike Plaintiffs' June 11, 2014 "Joint Status Report" [Docket No. 38] is GRANTED. Plaintiffs' June 11, 2014 "Joint Status Report" was filed with no input from Defendants. A Joint Status Report with input from all parties was filed on June 17, 2014.

**THE COMPLAINT**

The *pro se*[4] Petition was originally filed on February 21, 2014 in the District Court of Muskogee County. While all three Plaintiffs signed the Petition, it appears to be written by Shameka Banks in first person. It also appears, therefore, that Ms. Banks may be attempting to

---

[4]The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

represent the other two Plaintiffs. While Plaintiff Banks has the right to represent herself,[5] she is not permitted to act as legal counsel for Plaintiffs Johnson and Jones.[6] Nevertheless, as all three Plaintiffs signed the Petition, the responses to the motions to dismiss and the surreply, for purposes of the motions to dismiss, the court accepts Plaintiffs' assertion that they are each acting *pro se*.[7]

On page one of the Petition, Plaintiffs identify the "Nature of Suit" as "Breach of Contract, Request of removal of diagnostics on medical records, Education, and Violation of Rights."[8] The Petition is unclear, but the court was able to glean that the claims are based on the fact that while Ms. Banks' 19 year old son was attending Bacone, he was sent to MRMC and no one from the school contacted her. Ms. Banks' son contacted her after he was released. Ms. Banks and her mother then went to Bacone to check on him and found him "acting real strange." Plaintiffs reiterate again and again that while Ms. Banks' son was 19 and a legal adult, he was still her child, and someone should have contacted her.

---

[5]See 28 U.S.C. § 1654.

[6]"An individual may, of course, represent himself *pro se* in any proceedings wherein he is a party. But a person appearing *pro se* represents only himself. Any lack of expertise will primarily affect only him." Massongill v. McDevitt, 828 P.2d 438, 439 (Okla. App. 1989).

[7]The court also notes that the Petition does not clearly identify the parties. Given that Ms. Banks and Timothy Johnson share an address, the court presumes that Timothy Johnson is Ms. Banks' son. The Petition does not identify Ms. Jones or state why she is included as a Plaintiff. The court believes she may be Ms. Banks' mother, but is not certain. Ms. Jones is only mentioned by name at the end of the Petition requesting damages for her student loans, pain and suffering and mental anguish.

[8]There is no cause of action for "request of removal of diagnostics on medical records," "education," or the broad "violation of rights." Having analyzed Plaintiffs' Petition as a whole including the facts alleged, the court is unable to divine any cause of action Plaintiffs may have intended to file under these.

Bacone filed a Notice of Removal in this court on March 18, 2014, as the action implicated the Family Education Reporting and Privacy Act, 20 U.S.C. §§ 1232(g), *et seq*. ("FERPA") and the Health Insurance Portability and Accountability Act, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, *et seq*. and 42 U.S.C. § 1320d, *et seq*., ("HIPAA").

**MOTIONS TO DISMISS**

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in the Petition and construes those facts in the light most favorable to Plaintiffs. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). To survive the motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiffs must nudge their "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line

from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the Complaint would fail to provide fair notice and to present a plausible right to relief. Generally, this court allows plaintiffs to amend a complaint that does not meet the Twombly/Iqbal standards. Here, however, it is clear that amendment would be futile.

### *AMERICAN BAPTIST CHURHES*

American Baptist is mentioned nowhere in the Petition. It is clear from the Petition and Plaintiffs' other filings that American Baptist was added simply because Bacone is allegedly associated with the Baptist religion. Plaintiffs have failed not only to specify what American Baptist did in violation of any of their rights, but to make any allegations against American Baptist at all. Amendment would be futile. American Baptist's motion to dismiss is granted. The action against American Baptist is dismissed.

### *BACONE COLLEGE & MUSKOGEE REGIONAL MEDICAL CENTER*

The court takes as true all of the allegations in the Petition and construes them in the light most favorable to Plaintiffs. While Ms. Banks' son was 19 years old and attending Bacone, he was sent to MRMC to undergo psychiatric treatment. No one called or otherwise informed Ms.

5

Banks. Plaintiffs' entire complaint is based on this fact. The court sympathizes with Ms. Banks. A mother would like to be informed when her child is in danger and/or receiving medical attention. The entire experience must have been truly distressing for Ms. Banks, her son and her mother. The court understands that Ms. Banks feels it was morally or ethically wrong that she was not informed. Unfortunately, not everything that a person considers morally or ethically wrong is legally actionable.

At 19 years of age, Ms. Banks's son was a legal adult. In this country, laws protect the privacy of a legal adult's medical information rather than compel disclosure to his parents. No agreement Ms. Banks had with Bacone compelled it to inform her of her adult son's medical information. Under HIPPA, 29 U.S.C. § 1181, et seq., MRMC was prohibited from releasing protected health information.

Plaintiffs have failed to state a breach of contract claim or any other cause of action against Bacone or MRMC. The Petition does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Taking into account all of the facts alleged by Plaintiffs, the court has determined that amendment would be futile. This action is dismissed with prejudice as to Ms. Banks and Ms. Jones. They have no legal right to be informed of a legal adult's medical information. The action is dismissed with prejudice also as to Mr. Johnson, except as to any medical negligence or malpractice claim he may have related to his hospitalization, but unrelated to the fact that his mother and grandmother were not notified.

**CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss [Docket Nos. 11, 13, 15 and

33] are GRANTED.  This action is dismissed with prejudice as to Shameka Banks and Carol Jones.  The action is dismissed with prejudice also as to Timothy Johnson, except as to any medical negligence or malpractice claim he may have related to his hospitalization, but unrelated to the fact that his mother and grandmother were not notified.

MRMC's motion to strike [Docket No. 27] is GRANTED in part and DENIED in part.  Bacone's motion to strike the surreply [Docket No. 34] is DENIED.  Defendants' joint motion for hearing [Docket No. 37] is MOOT.  Defendants' joint motion to strike Plaintiffs' June 11, 2014 "Joint Status Report" [Docket No. 38] is GRANTED.

IT IS SO ORDERED this 3rd day of July, 2014.


**Dated this 3rd day of July, 2014.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma